Nathaniel K. Charny (NC 5664)
H. Joseph Cronen (HC 4814)
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572
(845) 876-7500
ncharny@charnywheeler.com
jcronen@charnywheeler.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVON LEE and PAUL GARRETT,<br><br>      Plaintiffs,<br><br>  v.<br><br>ROBERT BUDDE, JUSTIN LARCHEVESQUE, and DANIELLE LONG,<br>      Defendants. | COMPLAINT<br><br>Civil Action No.<br><br>JURY TRIAL DEMANDED |

  1.  Plaintiffs complain, upon knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other matters, as follows.

### NATURE OF THE CASE

  2.  This is an action pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation and violation, under color of law, of Plaintiffs' constitutional and civil rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

  3.  This claim arose on or around June 28, 2023, when Defendants, acting under color of law, intentionally and willfully subjected Plaintiffs to, or caused Plaintiffs to be subjected to, among other things, false arrest, false imprisonment, and unlawful seizure.

JURISDICTION AND VENUE

4.      Jurisdiction of this Court is proper under and 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the violations of Plaintiffs' constitutional and civil rights.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the District.

PARTIES

6.      Plaintiff Lee is a 33-year-old Black male who at all times relevant resided in Westchester County, New York.

7.      Plaintiff Garrett is a 32-year-old Black male who at all times relevant resided in Westchester County, New York.

8.      At all times relevant, Defendant Robert Budde was a police officer employed by the Village of Buchanan, New York.

9.      At all times relevant, Defendant Justin Larchevesque was a police officer employed by the City of Peekskill, New York.

10.     At all times relevant, Defendant Danielle Lee was a police officer employed by the City of Peekskill, New York.

11.     At all times relevant, Defendant Budde was acting under color of state law, *i.e.*, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Village of Buchanan, County of Westchester, and the State of New York.

12.     At all times relevant, Defendant Lee was acting under color of state law, *i.e.*, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Village of Buchanan and/or City of Peekskill, County of Westchester, and the State of New York.

13.     At all times relevant, Defendant Larchevesque was acting under color of state

law, *i.e.*, under color of the statutes, ordinances, regulations, policies, customs, and usages of the

Village of Buchanan and/or City of Peekskill, County of Westchester, and the State of New

York.

MATERIAL FACTS

14.     On or around June 28, 2023, Plaintiff Garrett and Plaintiff Lee were lawfully

present at or near the intersection of Albany Post Road and Catherine Street in Buchanan, New

York.

15.     Plaintiffs were awaiting the arrival of a livery vehicle.

16.     Plaintiffs were across the street from a parking lot where U-Haul vehicles were

stored and from where U-Haul vehicles could be rented.

17.     Without any lawful basis for doing so, Defendant Budde approached Plaintiffs

and requested their identification.

18.     Defendant Budde claimed that an individual or individuals from the U-Haul rental

location had called the police complaining about individuals in the parking lot.

19.     Indeed, Defendant Budde made inconsistent statements regarding this supposed

complaining witness, suggesting that they may never existed and that even if they did that they

were unreliable and could not be used to justify the police activity described herein.

20.     Plaintiffs initially refused to provide their identification to Defendant Budde.

21.     Plaintiffs were within their rights to refuse to show their identification to

Defendant Budde.

22.     Plaintiffs repeatedly attempted to explain to Defendant Budde that they had a

reservation to rent a vehicle from that location.

3

23.     Plaintiffs attempted to explain to Defendant Budde that vehicles at that location could be rented 24 hours a day.

24.     However, Defendant Budde had no interest in investigating the matter.

25.     Plaintiffs even advised Defendant Budde that he could walk over a few feet to where a sign indicated that vehicles could be rented 24 hours a day, but Defendant Budde refused to do so and refused to investigate the issue.

26.     Being inside a rentable vehicle does not create an objective credible reason, a founded suspicion, a reasonable suspicion, or probable cause to believe that criminal activity was afoot.

27.     Plaintiffs' conduct did not create an objective credible reason, a founded suspicion, a reasonable suspicion, or probable cause that criminal activity was afoot—let alone that Plaintiffs were involved in criminal activity.

28.     Defendant Budde lacked an objective credible reason to believe there was any criminal activity at the time.

29.     Defendant Budde lacked a founded suspicion that there was any criminal activity at the time.

30.     Defendant Budde lacked reasonable suspicion to believe that there was any criminal activity at the time.

31.     Defendant Budde lacked probable cause to believe that there was any criminal activity at the time.

32.     After some time, a livery vehicle arrived.

33.     Plaintiffs wished Defendant Budde a good day and then walked around the corner to the livery vehicle.

34.     Defendant Budde said nothing to Plaintiffs and gave them no indication that walking away was unlawful in way, shape, or form.

35.     Additional arriving officers, including Defendant Larchevesque  and Defendant Long, then arrived and, together with Defendant Budde, handcuffed both Plaintiffs.

36.     The Police forcibly detained and seized both Plaintiffs, depriving them of their liberty.

37.     Defendants lacked an objective credible reason to believe there was any criminal activity at the time.

38.     Defendants lacked a founded suspicion that there was any criminal activity at the time.

39.     Defendants lacked reasonable suspicion to believe that there was any criminal activity at the time.

40.     Defendants lacked probable cause to believe that there was any criminal activity at the time.

41.     Defendant Budde did not have authority to pursue or seize Plaintiffs when they attempted to enter a livery vehicle.

42.     Defendants did not have authority to pursue or seize Plaintiffs when they attempted to enter a livery vehicle.

43.     Plaintiffs openly attempted to enter a livery vehicle and did not engage in any conduct suggesting that they had engaged in, were engaging in, or were about to engage in criminal conduct.

44.     Plaintiffs were within their rights to attempt to enter the livery vehicle.

45.     The Police, including Defendant Budde, Defendant Larchevesque , and Defendant

Lee, had no authority to forcibly detain Plaintiffs.

46.     Defendants had no authority to forcibly detain Plaintiffs.

47.     At no point did Plaintiffs use force.

48.     At no point did Plaintiffs resist arrest.

49.     At no point did Plaintiffs resist being seized.

50.     At no point did Plaintiffs resist being detained.

51.     Eventually, Defendants allowed Plaintiffs to go on their way.

52.     Defendant Budde acted maliciously, willfully, outrageously, and with full

knowledge of the law.

53.     Defendant Larchevesque acted maliciously, willfully, outrageously, and with full

knowledge of the law.

54.     Defendant Lee acted maliciously, willfully, outrageously, and with full

knowledge of the law.

55.     As such, Plaintiffs demands punitive damages as against all Defendants, jointly an

severally.

56.     Plaintiffs were outraged, shocked, and, among other things, felt betrayed at

having their constitutional rights violated.

FIRST CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983
FOURTH AMENDMENT VIOLATION

57.     Plaintiffs restate the foregoing allegations.

58.     The Fourth Amendment provides that "The right of the people to be secure in

their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not

be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or

affirmation, and particularly describing the place to be searched, and the persons or things to be

seized."  U.S. Const. amend. IV.

59.     The Fourth Amendment applies to state and local governments through the

Fourteenth Amendment.

60.     In turn, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable . . . .

61.     By reason of the foregoing, Defendants have violated Plaintiff's rights guaranteed

by the Constitution of the United States, as actionable through 42 U.S.C. § 1983.

62.     By reason of the foregoing, Defendants falsely imprisoned Plaintiffs.

63.     By reason of the foregoing, Defendants falsely arrested Plaintiffs.

64.     By reason of the foregoing, Defendants violated Plaintiff' rights to be free from

unreasonable searches and seizures.

65.     As a result of Defendants' conduct Plaintiffs suffered damages.

### JURY DEMAND

66.     Plaintiffs request a jury trial on all issues to be tried.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against Defendants:

7

A.      Plaintiffs request judgement against Defendants for all actual damages; economic

damages; compensatory damages including mental anguish, pain, and suffering, and/or actual

physical injury arising out of the unlawful conduct; and punitive damages.

B.      Plaintiffs request attorney's fees and costs.

C.      Plaintiffs request equitable relief enjoining the Defendants from engaging in the

unconstitutional conduct alleged.

D.      Plaintiffs request such other legal and equitable relief as the Court deems just and

proper.

Dated:  Rhinebeck, New York
January 9, 2024

Nathaniel K. Charny (NC 5664)
H. Joseph Cronen (HC 4814)
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572
(845) 876-7500
ncharny@charnywheeler.com
jcronen@charnywheeler.com

Attorneys for Plaintiffs