UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
DAVON LEE and PAUL GARRETT,                    :
                              Plaintiffs,    :
        - against -                           :
                                                     :
ROBERT BUDDE, JUSTIN LARCHEVESQUE and
DANIELLE LONG,                                  :
                              Defendants.    :
------------------------------------------------x

7:24-cv-00168

**ANSWER**

      Defendant, ROBERT BUDDE**,** by his attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, as and for his Answer to Plaintiffs' Complaint, upon information and belief state as follows:

      1. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "1" of the Complaint.

      2. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "2" of the Complaint as it relates to the Answering Defendant and respectfully refers all questions of law to this Honorable Court.

      3. Denies each and every allegation contained in paragraph "3" of the Verified Complaint and respectfully refers all questions of law to this Honorable Court.

      4. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "4" of the Complaint and respectfully refers all questions of law to this Honorable Court.

      5. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "5" of the Complaint and respectfully refers all questions of law to this Honorable Court.

      6. Denies having any knowledge or information sufficient to form a belief as the truth of the

allegations contained in paragraph "6" of the Complaint.

7. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "7" of the Complaint.

8. Admits.

9. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies each and every allegation contained in paragraph "11" of the Complaint, except admits Defendant Budde was acting under the authority of the Village of Buchanan, and respectfully refers all questions of law to this Honorable Court.

12. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "13" of the Complaint.

14. Upon information and belief, denies each and every allegation contained in paragraph "14" of the Complaint and respectfully refers all questions of law to this Honorable Court.

15. Denies each and every allegation contained in paragraph "15" of the Complaint.

16. Denies each and every allegation contained in paragraph "16" of the Complaint.

17. Denies each and every allegation contained in paragraph "17" of the Complaint and respectfully refers all questions of law to this Honorable Court.

18. Denies each and every allegation contained in paragraph "18" of the Complaint and respectfully refers all questions of law to this Honorable Court.

19. Denies each and every allegation contained in paragraph "19" of the Complaint and

respectfully refers all questions of law to this Honorable Court.

20. Denies each and every allegation contained in paragraph "20" of the Complaint except admits that plaintiffs refused to provide their identification.

21. Denies each and every allegation contained in paragraph "21" of the Complaint and respectfully refers all questions of law to this Honorable Court.

22. Denies each and every allegation contained in paragraph "22" of the Complaint except admits plaintiff Davon Lee incorrectly claimed he had a U-Haul rental reservation.

23. Denies each and every allegation contained in paragraph "23" of the Complain except admits that plaintiff Davon Lee incorrectly claimed there was a sign indicating that U-Haul vehicles could be rented 24 hours a day.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Complain except admits that plaintiff Davon Lee incorrectly claimed there was a sign indicating that U-Haul vehicles could be rented 24 hours a day.

26. Denies each and every allegation contained in paragraph "26" of the Complaint and respectfully refers all questions of law to this Honorable Court.

27. Denies each and every allegation contained in paragraph "27" of the Complaint and respectfully refers all questions of law to this Honorable Court.

28. Denies each and every allegation contained in paragraph "28" of the Complaint and respectfully refers all questions of law to this Honorable Court.

29. Denies each and every allegation contained in paragraph "29" of the Complaint and respectfully refers all questions of law to this Honorable Court.

30. Denies each and every allegation contained in paragraph "30" of the Complaint and respectfully refers all questions of law to this Honorable Court.

31. Denies each and every allegation contained in paragraph "31" of the Complaint and respectfully refers all questions of law to this Honorable Court.

32. Upon information and belief, denies each and every allegation contained in paragraph "32" of the Complaint and respectfully refers all questions of law to this Honorable Court.

33. Denies each and every allegation contained in paragraph "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint and respectfully refers all questions of law to this Honorable Court.

35. Denies each and every allegation contained in paragraph "35" of the Complaint as to this defendant.

36. Denies each and every allegation contained in paragraph "36" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

37. Denies each and every allegation contained in paragraph "37" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

38. Denies each and every allegation contained in paragraph "38" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

39. Denies each and every allegation contained in paragraph "39" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

40. Denies each and every allegation contained in paragraph "40" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

41. Denies each and every allegation contained in paragraph "41" of the Complaint and respectfully refers all questions of law to this Honorable Court.

42. Denies each and every allegation contained in paragraph "42" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

43. Upon information and belief, denies each and every allegation contained in paragraph "43"

of the Complaint and respectfully refers all questions of law to this Honorable Court.

44. Upon information and belief, denies each and every allegation contained in paragraph "44" of the Complaint and respectfully refers all questions of law to this Honorable Court.

45. Denies each and every allegation contained in paragraph "45" of the Complaint and respectfully refers all questions of law to this Honorable Court.

46. Denies each and every allegation contained in paragraph "46" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

47. Upon information and belief, denies each and every allegation contained in paragraph "47" of the Complaint and respectfully refers all questions of law to this Honorable Court.

48. Upon information and belief, denies each and every allegation contained in paragraph "48" of the Complaint and respectfully refers all questions of law to this Honorable Court.

49. Upon information and belief, denies each and every allegation contained in paragraph "49" of the Complaint and respectfully refers all questions of law to this Honorable Court.

50. Upon information and belief, denies each and every allegation contained in paragraph "50" of the Complaint and respectfully refers all questions of law to this Honorable Court.

51. Denies each and every allegation contained in paragraph "51" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

52. Denies each and every allegation contained in paragraph "52" of the Complaint and respectfully refers all questions of law to this Honorable Court.

53. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "53" of the Complaint and respectfully refers all questions of law to this Honorable Court.

54. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "54" of the Complaint and respectfully refers all questions of

law to this Honorable Court.

55. Denies each and every allegation contained in paragraph "55" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

56. Upon information and belief denies each and every allegation contained in paragraph "56" of the Complaint and respectfully refers all questions of law to this Honorable Court.

**FIRST CAUSE OF ACTION**

57. This Answering Defendant repeats, reiterates, and re-alleges each and every response to the paragraphs designated "1" through "56" inclusive of the Complaint in response to the allegations contained in paragraph "56" of the Complaint with the same force and effect as if set forth at length herein.

58. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "58" of the Complaint and respectfully refers all questions of law to this Honorable Court.

59. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "59" of the Complaint and respectfully refers all questions of law to this Honorable Court.

60. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "60" of the Complaint and respectfully refers all questions of law to this Honorable Court.

61. Denies each and every allegation contained in paragraph "61" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

62. Denies each and every allegation contained in paragraph "62" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

63. Denies each and every allegation contained in paragraph "63" of the Complaint as to this

defendant and respectfully refers all questions of law to this Honorable Court.

64. Denies each and every allegation contained in paragraph "64" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

65. Denies each and every allegation contained in paragraph "65" of the Complaint as to this defendant and respectfully refers all questions of law to this Honorable Court.

66. Denies having any knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph "66" of the Complaint and respectfully refers all questions of law to this Honorable Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

67. The Complaint fails to set forth facts sufficient to constitute a cause and/or causes of action upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

68. This Answering Defendant is shielded from suit, in whole or in part, by the doctrine of qualified immunity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

69. This Answering Defendant acted in good faith with reasonable belief that his conduct was in accordance the Constitution and without any intent to violate the Constitution.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

70. This Answering Defendant conduct was based upon reasonable suspicion and/or probable cause.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

71. This Answering Defendant did not deprive or cause the deprivation of any of Plaintiffs' state or federal Constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

72. This Answering Defendant at no time acted willfully or maliciously in disregard of Plaintiffs' constitutional rights. Plaintiffs therefore are not entitled to punitive damages or other relief against this Answering Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, laches, or other time limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74. Upon information and belief, plaintiffs' claims are barred for failure to take reasonable measures to mitigate, obviate, diminish or otherwise act to lessen or reduce plaintiffs' alleged injuries, damages and disabilities, and therefore, any recovery by plaintiffs must be barred or reduced by plaintiffs' failure to mitigate.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75. If Plaintiffs' sustained the injuries complained of, which are denied, said injuries were caused in whole or part by the conduct of one or more parties whose conduct this Answering Defendant is not responsible for, has no control over, or with whom this Answering Defendant has no legal relation.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76. The Complaint does not describe the underlying actions with sufficient particularly to permit the Answering Defendant to ascertain what other defenses may exist. The Answering Defendant, therefore, reserve the right to assert all defenses that may pertain to it once the precise nature of such actions is determined.

## AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION AND CONTRIBUTION AGAINST CO-DEFENDANTS

**JUSTIN LARCHEVESQUE and DANIELLE LONG**

77. That if plaintiffs should recover judgment over and against this Answering Defendant, then the co-defendants named above shall be liable to indemnify this Answering Defendant on the basis of apportionment of responsibility for the alleged occurrence and this Answering Defendant is entitled to contribution from and judgment over and against the co-defendants for all or part of any verdict or judgment which plaintiff may recover in such amounts as a Court or Jury may direct.

**WHEREFORE**, Defendant ROBERT BUDDE demand judgment dismissing the Complaint herein together with costs and disbursements of this action, and for any such other and further relief that this Court deems just and proper.

Dated: New York, New York
March 25, 2024

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Alex J Ru*
Eric J. Sauter
Alex J Ru
*Attorneys for Defendant*
ROBERT BUDDE
150 East 42nd Street
New York, New York 10017
(212) 915-5598
*Alex.Ru@wilsonelser.com*
File No.: 25854.00009